UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BRENDA FLUEGAL and SIANA BRYSON,** §§§§ *Plaintiffs* §§§ **v.** §§§ **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** §§§ *Defendant* § | Case No. 1:22-CV-00908-SH |

### ORDER

Now before the Court are Defendant Allstate Fire and Casualty Insurance Company's Motion to Quash, filed April 5, 2024 (Dkt. 23), and Plaintiffs' Motion to Compel Discovery, filed May 22, 2024 (Dkt. 26).

In the Motion to Quash, Defendant seeks to quash Plaintiff's Notice of Oral and Videotaped Remote Deposition of Defendant's corporate representative on the basis that the discovery requested is not proportionate to the needs of the case. Under Rule CV-7(d)(2) of the Local Rules of the United States District Court for the Western District of Texas, responses to non-dispositive motions are due within seven days after the motion is filed; if no response is timely filed, the court may grant the motion as unopposed. Plaintiff did not respond to Movant's Motion to Quash. Therefore, the Court grants the motion as unopposed under Local Rule CV-7(d)(2).

As for Plaintiffs' Motion to Compel, Local Rule CV-7(g) provides, in pertinent part:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

1

Plaintiffs' Certificate of Conference states, in its entirety: "This is to certify that Plaintiffs' counsel sent a letter on April 22nd regarding the discovery issues in this motion, and contacted Defendant's counsel on May 20th and May 22nd, 2024 but was unable to speak to Defense counsel and had to leave messages." Dkt. 26 at 5. This certificate fails to satisfy Local Rule CV-7(g) because counsel have not conferred. Because Plaintiffs did not exhaust their efforts to reach agreement before filing their motion, they have not shown that judicial intervention is required, and their motion is denied.

The parties are admonished that motion practice must be a "recourse of last resort" in resolving a discovery dispute. *Rainbow Energy Mktg. Corp. v. DC Transco, LLC*, No. 1:21-cv-313-RP, 2022 WL 2820670, at *1 (W.D. Tex. July 18, 2022) (citation omitted); *Draper v. Bank of Am., N.A.*, No. A-11-CA-505-SS, 2012 WL 12878606, at *2 (W.D. Tex. Mar. 8, 2012) ("Neither side should seek determinations from this Court, except as a last resort."). Counsel for both parties are **ORDERED** to promptly respond to communications from opposing counsel and to meaningfully confer and attempt to resolve any issues in dispute without the need for Court intervention, in light of their obligation to attempt to resolve all such issues promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, FED. R. CIV. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding").

The Court **GRANTS** Defendant's Motion to Quash (Dkt. 23) as unopposed and **DENIES without prejudice** Plaintiffs' Motion to Compel Discovery (Dkt. 26) for failure to confer.[1]

**SIGNED** on May 24, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will address Defendant's Motion to Sever and Abate (Dkt. 22) and Motion to Leave for File Defendant's First Amended Answer (Dkt. 24) by separate order.