UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BRENDA FLUEGAL and SIANA BRYSON,** | § § | |
| *Plaintiffs* | § § | Case No. 1:22-CV-00908-SH |
| v. | § § | |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** | § § | |
| *Defendant* | § | |

**ORDER**

Before the Court are Defendant's Motion to Sever and Abate (Dkt. 22), filed April 5, 2024, and Defendant's Motion for Leave to File Defendant's First Amended Answer (Dkt. 24), filed May 14, 2024. Plaintiff did not respond to the first motion and does not oppose the second.

## I. Background

Brenda Fluegal alleges that she was driving her vehicle in Round Rock, Texas on January 9, 2018, when she was "suddenly and without warning" negligently struck from behind by a vehicle driven by Elizabeth Chimitt, a purported underinsured driver. Complaint (Dkt. 8) ¶ 3.01. Fluegel alleges that she and her passenger, Siana Bryson, suffered personal injuries and damages as a result of the accident. *Id.* Fluegal alleges that at the time of the collision, she had uninsured and underinsured motorist ("UIM") coverage under an insurance policy ("Policy") issued by Allstate Fire and Casualty Insurance Company ("Allstate"). Fluegal alleges that she made a UIM claim under her Policy, but Allstate "refused to make any good faith attempt to settle this claim." *Id.* ¶ 3.02.

On August 5, 2022, Fluegal and Bryson filed this lawsuit in Texas state court against Allstate seeking a declaratory judgment that they have a right to the UIM benefits sought under the Policy.

1

*Id.* ¶¶ 8.01-8.02. Plaintiffs also allege that Allstate failed to timely evaluate and make prompt and fair settlement of Fluegal's insurance claim, in violation of its duty of good faith and fair dealing and the Texas Insurance Code. *Id.* ¶¶ 6.01, 8.01-8.03.

On September 9, 2022, Allstate removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441. Dkt. 1. Allstate now asks the Court to "sever and abate the extra-contractual claims from those for declaratory judgment, abating discovery on the claims for extra-contractual relief until after the 'initial car crash trial.'" Dkt. 22 at 4. Allstate also seeks leave to file an amended answer to Plaintiffs' Complaint. Dkt. 24.

## II.   Motion for Leave to File Amended Answer

Allstate seeks leave of Court under Federal Rule of Civil Procedure 15(a)(2) to file an amended answer "to correctly assert the offsets to which Allstate is legally entitled based on the liability insurance available to the so-called 'underinsured' motorist.'" Dkt. 24 a 1. Allstate alleges that it did not learn until Plaintiffs' depositions on April 26, 2024 that the "so-called 'underinsured' motorist' Elzabeth Chimitt was covered by a policy of insurance with Liberty Mutual, policy # ABT29828452440 with liability limits of $100,000 each person, and $300,000 per accident." *Id.* Allstate alleges that Plaintiffs settled with Liberty Mutual and Chimitt for less than the policy limits, accepting $79,000 for Fluegal and $95,000 for Bryson. Allstate contends that it is legally entitled to "the full offset of the insurance that plaintiffs and their counsel forfeited from the Liberty Mutual policy covering the settling 'underinsured' motorist," and "offsets of $5,000.00 for each plaintiff based on medical payments in the Allstate policy." *Id.* at 1-2. Allstate also seeks leave to correct the offsets in its answer "based on the liability limits available through Liberty Mutual to the so-called 'underinsured' motorist." *Id.* at 2.

As originally filed, Defendant failed to state whether Plaintiffs oppose this motion. In his Certificate of Conference, counsel for Defendant states that he left a voicemail message for Plaintiffs' counsel and that he and his paralegal both sent email messages to her on May 14, 2024, then filed the motion the same day without conferring. Dkt. 24 at 4. This conduct directly violates Rule CV-7(g) of the Local Rules of the United States District Court for the Western District of Texas, which provides:

> The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made. If there is any ambiguity about whether a motion is dispositive or nondispositive, the parties should confer. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion.

In an "Amended Certificate of Conference on Defendant's Motion for Leave to File Defendant's First Amended Answer" filed May 16, 2024, counsel for Defendant states that counsel for Plaintiff did in fact respond that the motion was unopposed later on the same day he filed the motion. Dkt. 25.

Counsel for Defendant is admonished that he must actually confer with opposing counsel before filing any future nondispositive motion in this Court; state in the title of the motion whether it is opposed; and if the motion is opposed, certify "the specific reason that no agreement could be made." Local Rule CV-7(g). *E.g.*, *McCallum v. Camping World, Inc.*, No. SA-19-cv-01021-OLD, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining that conferment "requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse"). The Court will deny any future motion filed in violation of Local Rule CV-7(g).

### III. Motion to Sever and Abate

In *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 875 (Tex. 2021), the Texas Supreme held that when an insurer's liability for statutory and bad faith claims are predicated on its liability for breach of the UIM policy, the extra-contractual claims must be bifurcated until the UIM breach-of-contract claim is determined. Based on *State Farm*, Allstate argues that "Plaintiffs' extra-contractual claims should be severed and abated from the declaratory judgment claims, and the Court should conduct an 'initial car crash trial' before permitting any discovery or a trial on the extra-contractual claims." Dkt. 22 at 4.

Under Local Rule CV-7(d)(2), responses to non-dispositive motions are due within seven days after the motion is filed; if no response is timely filed, the court may grant the motion as unopposed. Plaintiffs did not respond to Allstate's Motion to Sever and Abate, so the motion is unopposed under Local Rule CV-7(d)(2).

The Court agrees that discovery should be abated on Plaintiff's extra-contractual claims until liability is determined under the Policy. *See Cother v. AmGUARD Ins.*, No. 1:22-CV-765-RP, 2023 WL 7312504, at *8 (W.D. Tex. Nov. 6, 2023) ("The Court recognizes that Texas law prefers a bifurcated approach when there are both third-party and first-party claims in cases involving UIM liability."); *Reyes v. Allstate Fire & Cas. Ins.*, No. 3:22-CV-2255-BN, 2023 WL 5216490, at *3 (N.D. Tex. Aug. 14, 2023) ( finding that "bifurcating trial of [plaintiff's] declaratory judgment claim from his claims for breach of the common law duties of good faith and fair dealing and for violations of the Texas Insurance Code will best serve judicial economy and the efficient resolution of this matter"); *Sotello v. Allstate Fire & Cas. Ins. Co.*, No. 5:20-CV-1303-OLG, 2021 WL 8055630, at *3 (W.D. Tex. May 27, 2021) (abating and bifurcating plaintiffs' extra-contractual claims until plaintiffs' entitlement to UIM benefits under the policy was established).

Because Texas law supports the Motion, Allstate's unopposed Motion to Sever and Abate is granted and the Court abates Plaintiffs' extra-contractual claims until Plaintiffs' entitlement to UIM benefits has been established.

## IV.  Conclusion

The Court **GRANTS** Defendant's Motion for Leave to File Defendant's First Amended Answer (Dkt. 24) and **ORDERS** the Clerk to file the Amended Answer attached to the Motion (Dkt. 24 at 5-11). Defendant is **ORDERED** to file any future exhibits as separate documents.

The Court also **GRANTS** Defendant's Motion to Sever and Abate (Dkt. 22) and **ABATES** discovery on and adjudication of Plaintiffs' extra-contractual claims until Plaintiffs' entitlement to UIM benefits is established.

**SIGNED** on June 4, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE